# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2023

Lyle W. Cayce
Clerk

No. 22-60305
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSHUA CHRISTOPHER STOCKSTILL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:21-CR-80-1

Before JOLLY, JONES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Joshua Christopher Stockstill pleaded guilty to production of child exploitation materials in violation of 18 U.S.C. § 2251(a). The district court sentenced Stockstill to the statutory maximum sentence of 30 years of imprisonment. He now appeals the substantive reasonableness of his sentence.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

This court reviews "an appellant's claim that [a] sentence is unreasonable for abuse of discretion." *United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017). "This review is highly deferential, because the sentencing court is in a better position to find facts and judge their import under the [18 U.S.C.] § 3553(a) factors with respect to a particular defendant." *Id.* (internal quotation marks and citation omitted). The district court must "impose a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing, including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (internal quotation marks and citation omitted). Section 3553(a) also requires the district court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." "A sentence within the Guidelines range is presumptively reasonable, and this presumption is rebutted only if the appellant demonstrates that the sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors." *Hernandez*, 876 F.3d at 166. Here, neither party contests that Stockstill's sentence was within the guidelines range. Thus, his sentence is presumed reasonable, and Stockstill must rebut this presumption to succeed on appeal. *See id.*

Stockstill fails to rebut the presumption of reasonableness. Stockstill functionally asks us to "reweigh the sentencing factors and substitute our judgment for that of the district court, which we will not do." *Hernandez*, 876 F.3d at 167.

AFFIRMED.